UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TYRONE HURT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:20-CV-99 NAB |
| ) | |
| BAILEY REALTOR INC. LLC, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon the civil complaint and motion for leave to commence this action without prepayment of the required filing fee of *pro se* plaintiff Tyrone Hurt. Plaintiff filed his civil complaint on January 21, 2020, against defendant "Bailey Realtor Inc. LLC." ECF No. 1. According to the complaint, plaintiff resides in Washington D.C. and defendant is incorporated there and has its principal place of business there. *Id.* at 2-4. The allegations of the hand-written complaint are very difficult to read. Plaintiff appears to be claiming that defendant unlawfully evicted him from an apartment located in Washington D.C. and that defendant owes him paid rent money. *Id.* at 5.

Pursuant to 28 U.S.C. § 1391(b), a civil action may be brought in: (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought, any judicial district in which any defendant is subject to the Court's personal jurisdiction.

Plaintiff has alleged no basis for venue being proper in this Court. Plaintiff makes no allegation of an act or omission occurring within the jurisdictional boundaries of this Court, nor

does plaintiff allege that the defendant resides within this district. None of the requirements of § 1391 are present in this case. Accordingly, venue in the Eastern District of Missouri is not proper.

According to a query of the electronic case management system for the United States District Court for the District of Columbia, plaintiff Tyrone Hurt has a history of filing cases in districts where venue does not lie. *See Hurt v. USA*, No. 1:19-cv-2785-UNA (D.D.C. Sept. 9, 2019); *Hurt v. USA*, No. 1:15-cv-288-JEB (D.D.C. August 21, 2014). When these cases are transferred to the correct venue – District of Columbia District Court – they are dismissed because plaintiff has been barred from proceeding *in forma pauperis* in the United States Court of Appeals for the District of Columbia Circuit, *see Hurt v. Soc. Sec. Admin.*, 544 F.3d 308, 311 (D.C. Cir. 2008) (per curiam), and in the District Court for the District of Columbia, *see Hurt v. The Declaration of Independence*, No. 07-0647 (D.D.C. Jan. 9, 2009).

Under 28 U.S.C. § 1406(a), when a case is filed in a district where venue is not proper, the District Court can either dismiss the action, or if it is in the interest of justice, the Court can transfer the case to any district or division in which it could have been brought. In this case, transfer of this action to the proper venue of the District of Columbia District Court would only lead to eventual dismissal as plaintiff is barred from *in forma pauperis* litigation in that Court. Because transfer would be pointless, the Court will dismiss this action.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED for lack of proper venue**. *See* 28 U.S.C. §§ 1391, 1406(a).

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 2] is **DENIED as moot**.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED as moot**.

An Order of Dismissal shall be filed with this Memorandum and Order.

Dated this 28th day of January, 2020.

/s/ Ronnie L. White
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE